QUESTION: Does an ordinance adopted by the Board of County Commissioners of Dade County requiring inspection and recertification of the structural condition of all buildings more than 40 years old apply to an armory owned by the State of Florida and located within the municipal limits of the City of Miami?
SUMMARY: Consistent with the general rule that, unless otherwise provided by the Constitution or by statute, control and regulation of public buildings and places owned by the state are vested in the Legislature and its authorized agencies, and, until legislatively or judicially determined otherwise, the Dade County ordinance relating to the structural condition of existing buildings is not applicable to the state-owned armory located within the municipal limits of the City of Miami. Initially, it should be stated that the answer to your inquiry is not controlled by the enforcement provisions of Part VI of Ch. 553, F. S., which provides for a State Interim Building Code and State Minimum Building Code. Part VI of Ch. 553 concerns the regulation of new building construction, whereas the ordinance in question (Dade County Ordinance No. 75-34) relates to the minimum structural condition of existing buildings. Cf. AGO 075-170. Moreover, I do not view the Florida Supreme Court's recent decision in Hillsborough Association for Retarded Citizens, Inc. v. City of Temple Terrace, Case No. 48, 504 (Fla. Sup. Ct., opinion filed May 12, 1976, petition for rehearing pending), as necessarily controlling the answer to your inquiry since that case dealt with the initial intrusion of a state agency into a municipality's territorial limits and the applicability of that municipality's zoning ordinances to the use of state property located therein. Here, as stated previously, the ordinance in question purports to regulate the structural condition of buildings which are more than 40 years old and does not regulate either the use of land or the construction of new buildings in Dade County. Accordingly, I am of the opinion that the general principle of law discussed infra should prevail. In AGO 071-75, it was stated that, unless otherwise provided by the Constitution, control and regulation of public buildings and places owned by the state are vested in the Legislature and its authorized agencies. See 81 C.J.S. States s. 105, p. 1078; 13 Am. Jur.2d Buildings s. 7, p. 271. In the instant situation, I am aware of no constitutional or statutory provision authorizing Dade County, or any municipality located therein, to enforce ordinances establishing minimum structural standards for existing buildings against buildings owned and used by the state. Thus, I am of the opinion that, until legislatively or judicially determined otherwise, the ordinance in question is not applicable to the armory owned by the state and located within the municipal limits of the City of Miami. Your question is answered in the negative.